UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAN JOSE VARGAS SERGI,

      Petitioner,

    v.                     Case No.:  2:26-cv-01732-SPC-NPM

WARDEN, FLORIDA SOFT-SIDED
FACILITY *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are Adan Jose Vargas Sergi's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Vargas Sergi's reply (Doc. 11).

Vargas Sergi is a native and citizen of Venezuela who lawfully entered the United States on a B-2 visitor visa in September 2015.  He filed an asylum application in March 2016, and it is pending before U.S. Citizenship and Immigration Services.  He has employment authorization through 2030, a social security number, and a Florida driver's license.  He has never been convicted of a crime, but he received three traffic citations in 2023—a speeding violation, a proof-of-insurance violation, and a red-light camera violation.  On April 18, 2026, Florida Fish and Wildlife Conservation Commission officers approached Vargas Sergi at a marina to check his boat registration paperwork.

Immigration and Customs Enforcement ("ICE") arrived and arrested Vargas Sergi without explanation or a warrant and detained him at Alligator Alcatraz.

On May 6, 2026, an immigration judge held a custody redetermination hearing.  The government produced no evidence, made no proffer of dangerousness, and identified no flight risk.  The immigration judge made no findings of fact, articulated no reasoning, and relied on no evidence relevant to the factors enumerated in *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006). Instead, the immigration judge denied Vargas Sergi's request for release on bond with a one-sentence order: "Respondent has multiple traffic violations and is a danger to the community."  (Doc. 1-2 at 2).

Vargas Sergi asserts four habeas grounds: (1) his detention is governed by 8 U.S.C. § 1226(a), so he is entitled to a bond hearing; (2) his traffic infractions cannot support a finding of danger to the community; (3) detention violates the Due Process Clause because the only process he received—the bond hearing—fails the *Mathews*, *infra*, test; and (4) the government failed to show that he is a flight risk or a danger to the community at the bond hearing. Vargas Sergi seeks immediate release from custody or, alternatively, the bond hearing he is entitled to under 8 U.S.C. § 1226(a).

The Court ordered the government to respond to all allegations, grounds, and arguments.  The government asserts the petition is moot because an immigration judge already conducted a bond hearing.  That is partially correct.

2

Vargas Sergi's first count and his request for a bond hearing under § 1226(a) are moot. But he remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

The government also correctly points out that this Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Grounds 2 and 4 of Vargas Sergi's petition challenge the result of the bond hearing. The Board of Immigration Appeals is the proper venue for those arguments.

That leaves Ground 2 of Vargas Sergi's petition, which the government only partially addresses. It argues that procedural deficiencies in Vargas Sergi's arrest do not justify release from detention, and that Vargas Sergi received a bond hearing. But the government does not contest Vargas Sergi's characterization of the bond hearing, nor does it respond to his claim that the bond hearing failed to satisfy the requirements of due process.

Because Vargas Sergi's due process claim presents a live controversy, the Court must address it. The Fifth Amendment guarantees that "[n]o person

3

shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Vargas Sergi's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment

4

unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted).    The immigration judge did not require the government to provide any evidence or justification for Vargas Sergi's detention, much less a special justification.  According to Vargas Sergi's undisputed characterization of the bond hearing, the immigration judge did not make any findings of fact, articulate any rationale, or consider any of the factors identified in *Matter of Guerra, supra.*  Without some consideration of the facts and relevant factors, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Vargas Sergi's continued detention.  Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community.  *Zadvydas*, 533 U.S. at 690.  Vargas Sergi's detention serves neither purpose.  He has actively engaged with state and federal governments to lawfully enter the country, apply for asylum, and obtain and maintain work authorization, a social security number, and a driver's license.  And he has ample incentive to appear for future immigration hearings.  With his asylum application pending, he has a plausible pathway to lawful residence, and he has a wife, two children, and a permanent residence.

The record is devoid of any evidence suggesting Vargas Sergi is a flight risk. Nor is there evidence he is a danger to the community. He has been in the United States for over ten years, and the only blemishes on his record are minor traffic citations and charges that he violated registration and paperwork requirements relating to his boat.

For these reasons, the Court finds that ICE violated Vargas Sergi's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Adan Jose Vargas Sergi's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within 24 hours of this Order, the government shall release Vargas Sergi and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

6